IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:10-CR-61-FL-1
No. 4:16-CV-101-FL

| | | |
|---|---|---|
| DOSTER MANGUM, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255, as corrected and amended (DE 53, 54). Also before the court is the government's motion to dismiss, made pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 58). The issues raised are ripe for ruling. For the reasons that follow, the court denies petitioner's motion to vacate and grants the government's motion to dismiss.

## BACKGROUND

On December 15, 2010, pursuant to a written plea agreement, petitioner pleaded guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924. On March 25, 2011, this court sentenced petitioner to 108 months' imprisonment. Petitioner appealed his judgment, but the Fourth Circuit Court of Appeals affirmed.

On June 10, 2016, petitioner filed the instant § 2255 motion, arguing that in light of Johnson v. United States, 135 S. Ct. 2551 (2015), this court erroneously calculated his sentence. On July 25, 2016, the government filed its motion to dismiss, arguing that petitioner's § 2255 motion should be dismissed for failure to state a claim.

**COURT'S DISCUSSION**

A.      Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.      Analysis

In his sole claim, petitioner argues that his base offense level was improperly calculated under U.S.S.G. § 2K2.1.  Mot. Vacate (DE 54) at 4.  In particular, petitioner contends that his convictions for attempt to burn a building and possession of a weapon of mass destruction are not "crimes of violence" following Johnson.  Id.

Prior to Johnson, an offense was deemed a "violent felony" under the Armed Career Criminal Act's ("ACCA") so-called "residual clause" if it was punishable by greater than one year's imprisonment and "involve[d] conduct that present[ed] a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).  In Johnson, the Supreme Court struck down the residual clause of the ACCA as unconstitutionally vague. 135 S. Ct. at 2563.

In this case, petitioner relies on Johnson's reasoning to challenge the application of a similar clause found in U.S.S.G. § 4B1.2(a) at the time of his sentencing.  See U.S.S.G. § 2K2.1, cmt. n.1 (stating that § 4B1.2(a) provides the definition for "crime of violence" in § 2K2.1).  The Supreme

Court recently held, however, that "the Guidelines are not amenable to a vagueness challenge." Beckles v. United States, 137 S. Ct. 886, 894 (2017). Thus, petitioner may not rely on Johnson's reasoning to attack the calculation of his Guidelines imprisonment range. Consequently, petitioner's claim must be dismissed.

C.     Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should be decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. Daniel, 529 U.S. 473, 483-84 (2000). After reviewing the claim presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, the court DENIES petitioner's motion to vacate (DE 53, 54) and GRANTS the government's motion to dismiss (DE 58). The court also DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 26th day of May, 2017.

LOUISE W. FLANAGAN
United States District Judge